IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARY J. SMITH,

    Plaintiff,

vs.

SWN PRODUCTION (OHIO), LLC F/K/A
TRIAD HUNTER, LLC, a foreign
limited liability company, and
SWN PRODUCTION COMPANY, LLC,
a foreign limited liability company,

    Defendants.

ELECTRONICALLY FILED
6/29/2023
U.S. DISTRICT COURT
Northern District of WV

Case No.: 5:23-cv-243
Judge: Bailey

## COMPLAINT

NOW COMES the plaintiff Mary J. Smith, by and through her undersigned counsel, Daniel J. Guida, Esq., Guida Law Offices, PLLC, and Christian E. Turak, Esq. and Jeremy M. McGraw, Esq., Gold, Khourey & Turak, L.C., and for her Complaint against the defendants, SWN Production (Ohio), LLC, f/k/a Triad Hunter, LLC, and SWN Production Company, LLC, state and allege as follows:

### GENERAL ALLEGATIONS

A. **Introduction**

    1.    The defendants, SWN Production (Ohio), LLC, f/k/a Triad Hunter, LLC ("SWNPO") and SWN Production Company, LLC ("SWNPC") improperly deducted post-production costs from the plaintiff, Mary J. Smith ("Plaintiff") oil and gas royalty payments.

2. Plaintiff's oil and gas lease fails to expressly provide that the lessor shall bear some part of the costs incurred between the wellhead and the point of sale, fails to identify with particularity the specific deductions the lessee intends to take, and fails to provide a method of calculating the amount to be deducted from royalty payments.

3. Therefore, and pursuant to controlling West Virginia law, the lessee of Plaintiff's oil and gas lease is not permitted to deduct post-production costs from her royalty payments.

4. The principal damages resulting from the alleged conduct or any related conduct of SWNPO and SWNPC in this action were incurred in the State of West Virginia, where this action was filed initially and, during all relevant periods herein, SWNPO and SWNPC were doing business in the State of West Virginia.

5. Accordingly, Plaintiff brings this action against SWNPO and SWNPC.

**B.   Parties**

6. Plaintiff Mary J. Smith is a natural person who resides in Brooke County, West Virginia.

7. SWNPO is a foreign limited liability company doing business in the State of West Virginia with a principal place of business at 10000 Energy Drive, Spring, TX 77389. SWNPO was and is involved in oil and gas exploration, development, and extraction in Tyler County, West Virginia. SWNPO is formerly known as Triad Hunter, LLC ("Triad").

8. SWNPC is a foreign limited liability company doing business in the State of West Virginia with a principal place of business at 10000 Energy Drive, Spring, TX 77389. SWNPC was and is involved in oil and gas exploration, development, and extraction in Tyler County, West Virginia.

9.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

10.    This Court has personal jurisdiction against SWNPO and SWNPC because it conducts business in the State of West Virginia and/or has otherwise intentionally availed itself of the West Virginia consumer market through the promotion and marketing of oil and gas development. This purposeful availment renders the exercise of jurisdiction by this Court over SWNPO and SWNPC permissible under traditional notions of fair play and substantial justice.

11.    Venue is proper in the Northern District of West Virginia under 28 U.S.C. § 1391 because the property rights at issue in this matter are situated in Tyler County, West Virginia; SWNPO and SWNPC have engaged in business in the Northern District of West Virginia; a substantial part of the events or omissions giving rise to the claims at issue in this matter occurred in the Northern District of West Virginia; and because SWNPO and SWNPC entered into transactions and/or received substantial profits from Plaintiff and others who reside in the Northern District of West Virginia.

**D.     Factual Allegations**

   **i.     Plaintiff's Oil and Gas Lease**

12.    Plaintiff owns the oil and gas underlying three (3) parcels totaling approximately 140.86-acres of real property in Tyler County, West Virginia (the "Property").

13.    By Oil and Gas Lease Paid Up dated September 1, 2010, Plaintiff leased her interest in the oil and gas minerals underlying the Property to Triad (the "Smith Lease"). A Memorandum of Oil and Gas Lease memorializing said lease is of record with the Clerk of the

County Commission of Tyler County in Deed Book No. 377, page 421. A copy of the Smith Lease is attached as **Exhibit A** and incorporated herein.

14. Specifically, the Smith Lease contains language (see paragraph 4 of the Smith Lease), which requires that the lessor is to be paid oil and gas royalties in the following manner:

> 4. In consideration of the premises the Lessee covenants and agrees: (A) To deliver to the credit of the Lessor in tanks or pipelines, as royalty, free of cost, one-eighth (1/8) part of all oil produced and saved from the premises, or at Lessee's option to pay to Lessor the market price for such one-eighth (1/8) royalty oil at the published rate for oil of like grade and gravity prevailing on the date such oil is run into tanks or pipelines. In either case the Lessor to pay his royalty share of any expense, if any, for treating the oil from any well to make it marketable as crude; (B) To pay to the Lessor, as royalty, for the gas, including casinghead gas, coalbed methane gas, and other gaseous substances produced from each well drilled thereon, and marketed and used off the premises, one eighth (1/8) of the price paid to Lessee at the well of such gas, less any charges for gathering, transportation, compression or line loss[.]

15. However, the Smith Lease also contains an Addendum that modifies the terms of each of the Smith Lease.

16. In pertinent part, the Addendum to the Smith Leases states:

> 23. Lessor's royalty of fourteen percent (14%) shall be calculated free and clear of costs and expenses for exploration, drilling, development and production, including, but not limited to dehydration, storage, compression, separation by mechanical means and product stabilization, incurred prior to the oil, gas and other mineral production leaving the lease premises or prior to delivery into a pipeline or gathering system, whichever occurs first; provided, however (a) Lessee shall have free use of produced oil and gas for operations conducted on the leased premises or lands pooled therewith, and the royalties on oil and gas herein provided shall be computed after deducting any so used, and (b) Lessor's royalty shall bear its proportionate share of all production, severance and other taxes and the actual, reasonable costs (including compression and related fuel charges) paid to or deducted by a third party, (a non affiliated company or subsidiary

entity of Lessee), to transport, compress, stabilize, process or treat the oil, gas and other mineral production off the lease premises in order to make the oil, gas and other mineral production saleable, increase its value or in order to get the oil, gas and other mineral production to a market.

### ii. Improper Deduction of Post-Production Costs

17. Under West Virginia law, an oil and gas lessee is not permitted to deduct post-production costs from a lessor's royalty payments unless, among other things, the lease expressly provides that the lessor shall bear some part of the costs incurred between the wellhead and the point of sale.

18. The Smith Lease does not expressly provide that the lessor shall bear some part of the costs incurred between the wellhead and the point of sale.

19. Under West Virginia law, an oil and gas lessee is not permitted to deduct post-production costs from a lessor's royalty payments unless, among other things, the lease identifies with particularity the specific deductions the lessee intends to take from the lessor's royalty.

20. The Smith Lease does not identify with particularity the specific deductions the lessee intends to take from the lessor's royalty.

21. Under West Virginia law, an oil and gas lessee is not permitted to deduct post-production costs from a lessor's royalty payments unless, among other things, the lease indicates the method of calculating the amount to be deducted from the royalty for post-production costs.

22. The Smith Lease does not indicate a method of calculating the amount to be deducted from the lessor's royalty payments for post-production costs.

23. Accordingly, at no time has the lessee of the Smith Lease been permitted to deduct post-production costs from Plaintiff's royalty payments.

24. Notwithstanding the foregoing, SWNPO and/or SWNPC have deducted post-production costs from Plaintiff's royalty payments.

25. Further, SWNPO and/or SWNPC have and continue to deduct post-production costs from Plaintiff's royalty payments.

26. Upon information and belief, SWNPO and/or SWNPC will continue to deduct post-production costs from Plaintiff's royalty payments unless ordered otherwise by this Court.

27. SWNPO and/or SWNPC tender(s) royalty payments to Plaintiff.

28. By deducting post-production costs from Plaintiff's royalty payments, SWNPO and/or SWNPC have breached the implied duty to market.

29. SWNPO and/or SWNPC owed and/or owe duties and had and/or have responsibilities under West Virginia law to comply with the express and implied terms and conditions of their oil and gas lease.

30. SWNPO and/or SWNPC had and/or have the responsibility to pay Plaintiff all monies exactly due and owing to her under her oil and gas lease and West Virginia law.

**First Cause of Action**
**(Breach of Contract)**

31. Plaintiff restates the preceding allegations as if set forth herein verbatim.

32. The Smith Lease is a valid and enforceable contract between the parties.

33. At all times, Plaintiff has complied with the terms of the Smith Lease.

34. The Smith Lease does not expressly provide that the lessor shall bear some part of the costs incurred between the wellhead and the point of sale.

35. The Smith Lease does not identify with particularity the specific deductions the lessee intends to take from the lessor's royalty.

36. The Smith Lease does not expressly indicate a method of calculating the amount to be deducted from the lessor's royalty payments.

37. SWNPO and/or SWNPC breached the Smith Lease by deducting post-production costs from Plaintiff's royalty payments.

38. As a direct and proximate result of SWNPO and/or SWNPC breaches of the Smith Lease, Plaintiff has suffered damages.

39. Upon information and belief, SWNPO and/or SWNPC will continue to breach the Smith Lease as alleged in this Complaint.

## Second Cause of Action
### (Accounting)

40. Plaintiff restates the preceding allegations as if set forth herein verbatim.

41. SWNPO and/or SWNPC have received and/or continue to receive monies in connection with sale of oil and gas produced and marketed pursuant to the Smith Lease, in which Plaintiff holds a royalty interest under the terms of her respective lease.

42. SWNPO and/or SWNPC as lessees or previous lessees of the Smith Lease are subject to certain implied duties and/or legal or equitable obligations to Plaintiff, such as cooperation and reasonableness, and the right to an accounting from the sale of oil and gas produced and marketed, including the total amount of oil and gas extracted from and sold, the total amounts of proceeds received from the sales, and all costs and expenses deducted before any oil and gas royalties are paid.

43. The precise amounts due and owing Plaintiff are unknown and cannot be ascertained without an accounting, since the information necessary to determine the amounts is

within the exclusive knowledge of SWNPO and/or SWNPC. However, it is believed that said amounts will exceed the sum or value of $75,000, exclusive of interest and costs.

44. Plaintiff's legal remedies are inadequate to obtain such information.

### Third Cause of Action
### (Interest Pursuant to W. Va. Code § 37C-1-3)

45. Plaintiff restates the preceding allegations as if set forth herein verbatim.

46. Pursuant to W. Va. Code § 37C-1-3,

> All regular production payment from horizontal wells due and owing to an interest owner shall be tendered in a timely manner, which shall be tendered in a timely manner, which shall not exceed 120 days from the first date of sale of oil, natural gas, or natural gas liquids is realized and within 60 days thereafter for each additional sale, unless such failure to remit is due to lack of record title in the interest owner, a legal dispute concerning the interest, a missing or unlocatable owner of the interest, or due to conditions otherwise specified in this article.

47. Additionally, W. Va. Code § 37C-1-3 states that failure to timely remit payments "shall result in a mandatory additional payment of an interest penalty to be set at the prime rate plus an additionally two percent until such payment is made, to be compounded quarterly."

48. SWNPO and/or SWNPC have not timely remitted royalty payments to Plaintiff as required by W. Va. Code § 37C-1-3.

49. SWNPO's and/or SWNPC's failure to timely remit royalty payments to Plaintiff as required by W. Va. Code § 37C-1-3 is not due to lack of record title in the interest owner, a legal dispute concerning the interest, a missing or unlocatable owner of the interest, or due to conditions otherwise specified in article 1.

50. Thus, SWNPO and/or SWNPC have violated W. Va. Code § 37C-1-3, and as a direct and proximate result of said violations, Plaintiff has suffered damages.

51. Accordingly, SWNPO and/or SWNPC are required to pay Plaintiff the mandatory additional payment specified in W. Va. Code § 37C-1-3.

### Fourth Cause of Action
### (Declaratory Relief)

52. Plaintiff restates the preceding allegations as if set forth herein verbatim.

53. Plaintiff is a person or entity interested in written contracts or instruments as set forth herein.

54. An actual controversy of a justiciable nature exists in the Northern District of West Virginia requiring a judicial declaration of contractual and/or legal rights, relations, duties and obligations.

55. A declaratory judgment is appropriate in this case since it will terminate or settle the controversy giving rise to this action.

56. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S. Code § 2201, Plaintiff seeks a declaratory judgment of the duties and obligations of the parties under the Smith Lease on the following matters:

    a. that the Smith Lease does not expressly provide that the lessor shall bear some part of the costs incurred between the wellhead and the point of sale;

    b. that the Smith Lease does not identify with particularity the specific deductions the lessee intends to take from the lessor's royalty;

    c. that the Smith Lease does not expressly indicate the method of calculating the amount to be deducted for post-production costs;

    d. that the Smith Lease does not expressly permit any deductions of post-production costs from Plaintiff's royalty payments;

    e.    that Plaintiff is entitled to receive an accounting from SWNPO and/or SWNPC for the sale of oil and gas produced and marketed, including the total amount of oil and gas extracted and sold from their properties, the total amounts of proceeds received from the sales, and all costs and expenses deducted before any production royalties are paid;

    f.    that Plaintiff is entitled to an interest payment pursuant to W. Va. Code § 37C-1-3; and

    g.    such other factual and legal issues as are apparent from the allegations and causes of action alleged above.

57.    Plaintiff has a practical interest in the declaration sought and all parties having an interest therein or adversely affected have been made parties or cited herein.

## Ad Damnum Clause

WHEREFORE, the plaintiff, Mary J. Smith, respectfully requests for relief and judgment against the defendants, SWN Production (Ohio), LLC f/k/a Triad Hunter, LLC, and SWN Production Company, LLC, as follows:

    a.    that this Court issues a declaration that the Smith Lease does not expressly provide that the lessor shall bear some part of the costs incurred between the wellhead and the point of sale;

    b.    that this Court issues a declaration that the Smith Lease does not identify with particularity the specific deductions the lessee intends to take from the lessor's royalties;

c.     that this Court issue a declaration that the Smith Lease does not expressly indicate the method of calculating the amount to be deducted for post-production costs;

d.     that this Court issue a declaration that the Smith Lease does not permit the lessee to deduct post-production costs from Plaintiff's royalty payments;

e.     that this Court issue a declaration that Plaintiff is entitled to receive an accounting from SWNPO and/or SWNPC for the sale of oil and gas produced and marketed, including the total amount of oil and gas extracted and sold from her properties, the total amounts of proceeds received from the sales, and all costs and expenses deducted before any production royalties are paid;

f.     that this Court issue a declaration for such other factual and legal issues as are apparent from the allegations and causes of action alleged above;

g.     compensatory damages;

h.     costs and disbursements of this action, including attorneys' fees;

i.     pre-judgment and post-judgment interest; and

j.     such other further and general relief, as may become apparent as this matter progresses and such other relief as this Court deems proper.

> Mary J. Smith,
> Plaintiff
>
> BY: _____
>        Daniel J. Guida, Esq.

Christian E. Turak, Esq.
WV State Bar No.: 12633
Jeremy M. McGraw
WV State Bar No.: 10325
Gold, Khourey & Turak, L.C.
510 Tomlinson Ave.
Moundsville, WV 26041
(304) 845-9750
FAX: (304) 845-9750
cet@gkt.com
jmm@gkt.com

Daniel J. Guida, Esq.
WV State Bar No.: 4604
Guida Law Offices, PLLC
3374 Main St.
Weirton, WV 26062
(304) 748-1213
FAX: (304) 748-1225
guidalaw@comcast.net